UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| 800 COOPER FINANCE, LLC, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 16-736 |
| v. | : | OPINION |
| SHU-LIN LIU, et al, | : | |
| Defendants. | : | |

This case comes before the Court on Plaintiff, Counterclaim Defendant's, Motion to Dismiss Defendants, Counterclaim Plaintiffs', Counterclaims to 800 Cooper Finance's Amended Complaint [Dkt. No. 59] pursuant to Fed. R. Civ. P. 12(b)(1). For the Reasons that follow the Court denies Counterclaim Defendant's Motion.

I.  Background

This matter concerns the collection of a debt allegedly owed to 800 Cooper Finance, LLC ("800 Cooper Finance" or "Counterclaim Defendant") by Defendants/ Counterclaim Plaintiffs, Shu-Lin Liu and Jolin Chiaolin Tsao ("Counterclaim Plaintiffs"). The Counterclaim Plaintiffs are the sole members of KL Holdings, LLC ("KL Holdings") which had an ongoing loan relationship with PNC bank for many years. Counterclaim Plaintiffs executed Guarantees for KL Holdings to secure its debt incurred with PNC.  Amend. Compl. ¶ 6. 800 Cooper Finance was a Delaware Limited Liability Company until its recent dissolution. "On January 22, 2016, PNC Bank assigned the KL Holdings debt to 800 Cooper, along with all rights and powers relating to the Commercial Guarantees." Id. at ¶ 7.

Counterclaim Plaintiffs allege that its initial PNC loans were secured by a mortgage on a parcel of real estate owned by KL Holdings, referred to as the "Bridgeview Property." Amend. Counterclaim ¶ 8. Counterclaim Plaintiffs were also personal guarantees on that mortgage. At some point in 2015, KL Holdings entered into an agreement of sale for the Bridgeview Property with a company, Kamgirsons, Inc. That agreement was terminated in November 2015 after information on the loans at issue were provided. Id. at ¶ 9. According to Counterclaim Plaintiffs, Kowong, the principal of Kamgrisons, subsequently created 800 Cooper Finance to acquire and hold KL Holdings' loans. Id. at ¶ 10. Counterclaim Plaintiffs claim that shortly after the acquisition, 800 Cooper Finance took "an aggressive litigation strategy to collect." Id. at ¶ 11. Counterclaim Plaintiffs further allege that 800 Cooper Finance initiated excessive demands with the knowledge that the Counterclaim Plaintiffs had a new and pending agreement of sale for their property with a third party. Id. at ¶ 13. To proceed on that property sale, KL Holdings needed a release of the mortgage from 800 Cooper Finance. Id. at ¶ 12.

800 Cooper Finance initially filed a Complaint in this Court for Confession of Judgment regarding the "debt" it purchased; particularly, 800 Cooper Finance sought monies owed on a line of credit and two business loans that it declared KL Holdings defaulted on. [Dkt Nos. 1,15]. Counterclaim Defendant brought this action against Counterclaim Plaintiffs as the grantors of the debt owed. It required the following payments:

$100,000 Line of Credit: Principal, $62,819.50; Interest, $7,987.91
$500,000 Business Loan: Principal, $439,962.96; Interest, $21,830.29
Legal Fees: $ 982.50

<blockquote>
<u>Appraisal Fees</u>: $ 3,900.00
<u>$201,000 Business Loan</u>: Principal, $201,000.00; Interest, $9,881.04
<u>Total Due and Owing through March 1, 2016</u>: $748,364.20
</blockquote>

Amend. Compl. ¶ 57. Counterclaim Plaintiffs argue that 800 Cooper Finance's pleadings included "excessive and improper calculations" of interest and collection fees due and failed to account for the loan extensions previously agreed to by PNC. Amend. Counterclaim ¶ 11. Counterclaim Plaintiffs disputed those amounts and reserved affirmative defenses to 800 Cooper Finance's confession of judgment in its initial Answer to the Amended Complaint. [<u>See</u> Dkt No. 19].

Additionally, Counterclaim Plaintiffs requested documentation confirming the costs and fees allegedly incurred by 800 Cooper Finance, which it then charged to them; Cooper Finance did not provide any documents. Amend. Counterclaim ¶ 23. 800 Cooper Finance also rejected Counterclaim Plaintiffs' request to reduce the amount of payment demanded and refused to place the disputed amounts in escrow. <u>Id.</u> at ¶¶ 23-24. During the pendency of this action, the Counterclaim Plaintiffs ultimately paid the amounts demanded on the debts and 800 Cooper Finance executed a satisfaction of mortgage. <u>Id.</u> at ¶ 17. Counterclaim Plaintiffs claim that in order to meet the demand, they had to borrow money to fund a "bridge loan." <u>Id.</u> at ¶ 28.

After payment of the Debt, in January 2017, 800 Cooper Finance obtained a certificate of cancellation from the State of Delaware. <u>Id.</u> at ¶ 37. It then voluntarily dismissed this case on July 27, 2017. [Dkt. No. 41]. On August 25, 2017, Counterclaim Plaintiffs moved for leave to file After Acquired Counterclaim and for Consolidation. [Dkt. No. 42]. Counterclaim Defendant opposed the

Motion. [Dkt. No. 43]. An Order was filed granting the motion for leave on March 22, 2018, at which point the case was reopened. [ Dkt. No. 50].

Another order was entered on April 6, 2018 granting Counterclaim Plaintiffs leave to file their revised proposed pleading. Counterclaim Plaintiffs' Amended Answer proposes Counterclaims for Breach of Contract (Count I), Conversion (Count II), Unjust Enrichment (Count II), Improper Cancelation of 800 Cooper Finance (Count IV), and Improper Distribution of LLC Assets (Count V). [Dkt. No. 54]. In response, Counterclaim Defendant filed the current Motion to Dismiss for Lack of Jurisdiction on two grounds asserting that: (1) the Court lacks subject matter jurisdiction because 800 Cooper Finance is no longer in existence; and (2) Counterclaim Plaintiffs' assertions are insufficient to establish the amount in controversy requirement for diversity jurisdiction. [Dkt. No. 59; Counterclaim Def. Brf. at 5-6].

## I. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may involve either a facial challenge to subject matter jurisdiction or a factual challenge to the jurisdictional allegations. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.

1977). A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and, when considering such a challenge, a presumption of truthfulness does not attach to a plaintiff's allegations." Id.; see also Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

## II. Discussion

### A. Subject Matter Jurisdiction over the Claims asserted

First, Counterclaim Defendant argues that because 800 Cooper Finance is dissolved, it is no longer amenable to suit and the Court should, therefore, dismiss the Counterclaims against it. The Court disagrees.

Under Section 18-803 of Delaware's Limited Liability Act:

> Upon dissolution of a limited liability company and until the filing of a certificate of cancellation as provided in § 18-203 of this title, the persons winding up the limited liability company's affairs may, in the name of, and for and on behalf of, the limited liability company, prosecute and defend suits, whether civil, criminal or administrative, gradually settle and close the limited liability company's business, dispose of and convey the limited liability company's property, discharge or make reasonable provision for the limited liability company's liabilities, and distribute to the members any remaining assets of the limited liability company, all without affecting the liability of members and managers and without imposing liability on a liquidating trustee.

Del. Code Ann. tit. 6, § 18-803 (emphasis added). Thus, generally, a suit may commence against a Delaware limited liability company ("LLC") until it is fully dissolved, and the certificate of cancelation has been filed. Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc., 854 A.2d 121, 138 (Del. Ch. 2004). However, if a party pursues nullification of the certificate of cancelation because the affairs of the LLC were not wound up in compliance with Section 18-804, litigation against the dissolved company may proceed. See Id. at 138-39.

5

Section 18-804 of the Delaware Limited Liability Act( the "LLC Act")  governs the distribution of a dissolved LLC's assets. Capone v. LDH Mgmt. Holdings LLC, No. CV 11687-VCG, 2018 WL 1956282, at *7 (Del. Ch. Apr. 25, 2018). Pursuant to the Delaware LLC Act, a limited liability company which has dissolved:

> (1) Shall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional or unmatured contractual claims, known to the limited liability company;
> (2) Shall make such provision as will be reasonably likely to be sufficient to provide compensation for any claim against the limited liability company which is the subject of a pending action, suit or proceeding to which the limited liability company is a party; and
> (3) Shall make such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the limited liability company or that have not arisen but that, based on facts known to the limited liability company, are likely to arise or to become known to the limited liability company within 10 years after the date of dissolution.

Del. Code Ann. tit. 6, § 18-804. Accordingly, under Delaware law, a court may allow suit against a dissolved LLC where plaintiff pleads sufficient facts to infer the LLC failed to "make such provision as will be reasonably likely to be sufficient to provide compensation" for a likely claim known to it. Id.; See Metro Commc'n Corp. BVI, 854 A.2d at 138-39.

Here, Counterclaim Plaintiffs specifically claim improper cancelation of 800 Cooper Finance and further allege that 800 Cooper Finance failed to wind up its affairs in accordance with Section 18-804(b) of the Delaware LLC Act. Amend. Counterclaim ¶ 38. The proper analysis is to determine whether Counterclaim Plaintiffs claim is plausible on its face in order to sustain action against 800 Cooper Finance. Accordingly, the Court agrees with Counterclaim Plaintiffs; 800 Cooper Finance's argument that it is not

amenable to suit is a substantive defense to the Counterclaims against it.[1] A motion to dismiss pursuant to 12(b)(1) based on a facial challenge to the pleadings is similar to a 12(b)(6) review. Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 678 (D.N.J. 2003). Nonetheless, Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Id. When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[2] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1] To illustrate this point, see generally Capone, 2018 WL 1956282, at *7 (evaluating whether dissolve entity was amenable to suit under summary judgment standard); Metro Commc'n Corp. BVI, 854 A.2d at 138-39 (evaluating whether dissolve entity was amenable to suit under 12(b)(6) standard); Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, 842 F. Supp. 2d 502, 520 (S.D.N.Y. 2012) (evaluating whether dissolve entity was amenable to suit under summary judgment standard).

[2] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

"A claim has facial plausibility[3] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556.

---

[3] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

The Court finds that Counterclaim Plaintiffs have articulated sufficient facts to state a claim that the voluntary cancelation of 800 Cooper was improper under Delaware law. First, it pleads that 800 Cooper Finance filed a certificate of cancelation while the present case in this Court was still pending, and the Docket reflects the same. Prior to voluntarily dismissing the matter, Counterclaim Defendant voluntarily dissolved as a company while it was a party to this action that <u>it</u> commenced. Counterclaim Plaintiffs' Amended Answer and Counterclaim further pleads that 800 Cooper Finance "knew that there was an ongoing unresolved dispute regarding the amount due under the subject loan, and that as a result of a payoff demand . . . a claim could be asserted for a return of the amounts paid in excess." Amend. Counterclaim ¶ 41. According to the pleadings, Counterclaim Plaintiffs had requested (1) a reduction in the payoff demand, and (2) for all disputed amounts owed to be held in escrow.

"[A] dissolved LLC must provide for all claims—'including all contingent, conditional or unmatured contractual claims'—that are 'known to the limited liability company.' <u>Capone v. LDH Mgmt. Holdings LLC</u>, No. CV 11687-VCG, 2018 WL 1956282, at *8 (Del. Ch. Apr. 25, 2018). Accepting the truthfulness of the well-pleaded facts of Counterclaim Plaintiffs, it is plausible that 800 Cooper knew the Counterclaims against it were likely to ensue. Finally, the Counterclaim Plaintiffs state that 800 Cooper Finance proceeded to distribute "funds received from KL Holdings [and themselves] to members of the LLC, without making any provision for a proper accounting of these funds, and for payment of claims to creditors," like themselves. <u>Id.</u> at ¶ 44. Thus, the facts also sufficiently allege that 800 Cooper Finance was wound up in contravention of the LLC Act. Therefore, there are sufficient facts to sustain a claim for nullification of the

certificate of cancelation.[4] Metro Commc'n Corp. BVI, 854 A.2d at 13 ("[b]ecause the complaint pleads facts that support the inference that [the defendant LLC] was wound up in contravention of the LLC Act, the complaint also pleads facts that support an application to nullify the certificate of cancellation."). Because the Counterclaim against 800 Cooper Finance is one that may allow for nullification of its certificate of cancelation and therefore, allow it to defend this action, it is "possible" for Counterclaim Plaintiffs to seek redress. Thus, the Court will not dismiss the action.

800 Cooper Finance next argues that "[t]o the extent redress may be possible as to a dissolved limited liability company, Counterclaim Plaintiffs must attempt to seek same in the State of Delaware, as the Delaware Code does not confer jurisdiction on this Court." Counterclaim Def. Brf. at 6. Defendant's do not cite any legal authority for this proposition. To the contrary, the Chancery Court of Delaware has held that "[w]hen a Delaware state statute assigns exclusive jurisdiction to a particular Delaware court, the statute is allocating jurisdiction among the Delaware courts. The state is not making a claim against the world that no court outside of Delaware can exercise jurisdiction over that type of case." IMO Daniel Kloiber Dynasty Tr., 98 A.3d 924, 939 (Del. Ch. 2014).

Moreover, courts outside of Delaware have addressed the exact type of claims before this Court, each concerning a dissolved Delaware entity and breach of contract claims. See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, 842 F. Supp. 2d 502, 520 (S.D.N.Y. 2012) (analyzing a claim to nullify LLC's certificate of cancelation based on the argument that the Delaware LLC was wound up in contravention to the Delaware LLC

---

[4] There is no requirement that a separate action to nullify a certificate of cancelation be brought first, before the entity may be sued. Metro Commc'n Corp. BVI, 854 A.2d at 13 n.27.

act); Anthony Wayne Corp. v. Elco Fastening Sys., LLC, No. 3:13CV1406-PPS, 2016 WL 687887, at *2–4 (N.D. Ind. Feb. 19, 2016) (same).

### B. Amount in Controversy

Having found that 800 Cooper Finance is amenable to suit at this time and furthermore, that the claims against it may properly be addressed in a court outside the State of Delaware, the Court will address whether the Counterclaims should be dismissed because the amount in controversy is insufficient to sustain diversity jurisdiction.[5] For the reasons that follow, the Court finds that is *not* clear to a legal certainty that the jurisdictional amount cannot be met.

Pursuant to 28 U.S.C.A. § 1332, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Court will "discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations." Dolin v. Asian Am. Accessories, Inc., 449 F. App'x 216, 218 (3d Cir. 2011). The Court will dismiss for failure to meet the amount in controversy, if it appears to a "legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Counterclaim Plaintiffs' Amended Answer alleges a total amount in controversy in excess of $100,000. They are claiming recovery for the disputed amounts paid to 800 Cooper Finance in fulfilment of its supposed debt (totaling over $83,000) as well as

---

[5] The Court points out that after Counterclaim Plaintiffs' Amended Answer and Counterclaim was submitted to this Court, it was satisfied that the necessary federal jurisdictional requirements were met.

interest costs for their bridge loan (in excess of $16,000) and legal fees to secure the release of mortgage from 800 Cooper Finance (in excess of $1,500). First, Counterclaim Defendant contends that there is no legal basis alleged or existing for recovery of any costs incurred for Counterclaim Plaintiffs' bridge loan. Second, it argues that "Counterclaim Plaintiffs cannot prove they are entitled to the $1,500 in legal fees to secure the release of the Mortgage."[6] Cooper Finance Brf. at 8. Counterclaim Plaintiffs maintain that it incurred these costs as a result of 800 Cooper Finance's breach of contract. Counterclaim Defendant does not suggest, nor can it show at this stage, that it did not breach its contract with KL Holdings and consequently, cause these damages to Counterclaim Plaintiffs as members of KL Holdings and grantors of the loans at issue.

Even assuming *arguendo* that on the face of the Amended Answer as pled, these amounts were not recoverable to a legal certainty, Counterclaim Plaintiffs' remaining claims for all amounts overpaid to Counterclaim Defendant alone surpass the amount in controversy requirement. Counterclaim Plaintiffs' allege that the amounts pursued exceeded what was legally due and owing. Their Amended Answer specifically alleges that they requested documents confirming the collection of certain costs and fees actually incurred with no avail; and that 800 Cooper Finance's demand of unwarranted debts before discharging their mortgage was a breach of loan documents. Counterclaim Plaintiffs' specifically allege why each cost or fee was disputed; and thus, why 800 Cooper Finance is obligated to return excess amounts originally demanded and paid.

---

[6] The cases relied on by Counterclaim Defendant in its moving brief for the proposition that attorney's fees should not be considered for the amount in controversy are distinguishable because the fees sought to be recovered as part of the amount in controversy in this case are not attorney's fees incurred by the parties for this action but rather those incurred as a result of the alleged breach of contract.

12

For example, the Amended Answer alleges that 800 Cooper demanded charges and fees not recoverable after acceleration of the loan, fees for services undocumented, and collection costs without a judicial determination prior to a complaint for confession of judgment or documentation supporting such costs. Amend. Counterclaim ¶ 22.

The Counterclaim Defendant does not dispute any facts on which jurisdiction depends. Alternatively, 800 Cooper Finance argues that they were entitled to the types of payments demanded, which is not disputed in this matter. Counterclaim Plaintiffs assert claims to recover the amounts it overpaid to 800 Cooper and damages resulting from breach of contract and conversion. 800 Cooper Finance's contention is that "[d]ebtor's waived any right to object to the amount of fees or the imposition of default interest by paying all sums in full and inducing 800 Cooper to sign a satisfaction of the mortgage and note." Counterclaim Def. Brf. at 10. It provides no legal basis for this assertion and provides no evidence that the disputed payments were duly and legally owed to it. Accepting the plaintiff's good faith allegations set forth in its Amended Answer and Counterclaim, the amount in controversy requirement is satisfied. The Counterclaims present to a legal certainty an amount in controversy over $75,000.

The Court further finds that Plaintiffs' Counterclaims are also properly before this Court under to supplemental jurisdiction. To be sure, such a separate basis for subject matter jurisdiction was alleged in Counterclaim Plaintiffs Amended Answer and Counterclaim under 28 U.S.C. § 137.[7] Section 137 provides in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts

---

[7] Counterclaim Defendants ignore this basis for jurisdiction and present no argument that supplemental jurisdiction does not exist. Counterclaim Plaintiffs address the issue in their opposition brief. The Court will address the issue analyze jurisdiction under Section 137 to reiterate that the Counterclaims here are properly before this court.

> have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C.A. § 1367. "The rule applies even to claims asserted by or against additional parties." <u>HB Gen. Corp. v. Manchester Partners, L.P.</u>, 95 F.3d 1185, 1197 (3d Cir. 1996). There is no dispute that the initial claims asserted by 800 Cooper Finance have original Jurisdiction in this court pursuant to diversity jurisdiction.

In this case, there is also no question that the Counterclaims asserted are so closely related to 800 Cooper Finance's initial claims so as to form part of the same case or controversy. Counterclaim Plaintiffs' claims against 800 Cooper Finance arose directly from the original suit. They seek redress for breach of contract, conversion and unjust enrichment arising out of Counterclaim Defendant's actions in collecting a debt (the initial basis of this suit). Additionally, it is alleged that 800 Cooper Finance then canceled its certification of formation and distributed its assets—the money Counterclaim plaintiffs paid to it pursuant to this action—improperly and in violation of Delaware law. Counterclaim Plaintiffs seek to have 800 Cooper Finance repay them the disputed amounts, which they contest were wrongfully collected as a result of this action for confession of judgment. Therefore, the counterclaims in this case derive from a "common nucleus of operative fact" and thus, the Court has jurisdiction pursuant to 28 U.S.C.A. § 1367. <u>Ambromovage v. United Mine Workers of Am.</u>, 726 F.2d 972, 976 (3d Cir. 1984).

III. <u>Conclusion</u>

For the foregoing reasons, the Court finds that there is subject matter jurisdiction over the Counterclaims asserted in this case by Defendants/Counterclaim Plaintiffs. Therefore, the Court denies Plaintiff/Counterclaim Defendant's Motion to dismiss.

An appropriate Order shall issue.

Dated: October 10, 2019

       s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE