## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| 800 COOPER FINANCE, LLC, | : | Civil Action No. 16-736 (JHR/JS) |
| Plaintiff, | : | |
| v. | : | |
| SHU-LIN LIU, et al., | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| KL HOLDINGS, INC., SHU-LIN LIU AND JOLIN CHIAOLIN TSAO, | : | Civil Action No. 17-456 (JHR/JS) |
|  | : | **Opinion** |
| Plaintiff, | : | |
| v. | : | |
| 800 COOPER FINANCE, LLC, JIMMY KWONG, KATHARINA M. GREGORIO, and John Does 1-5, | : | |
| Defendants. | : | |

Before the Court is a motion by Defendants Jimmy Kwong and Katharina M. Gregorio ("Defendants") for reconsideration of the Honorable Magistrate Judge Schneider's January 15, 2021 text order which extended fact discovery and required Defendants to be deposed. Defendants' motion further seeks a protective order to bar Plaintiffs from deposing Defendants. Also before the Court is Plaintiffs' cross-motion for sanctions. For the reasons set forth below, the Court will deny both motions.

**I. Background**

Defendants in this case filed a motion for summary judgment on October 26, 2020, which

1

attached declarations from Defendants Kwong and Gregorio as exhibits. [Dkt. 99-8]. That day, Judge Schneider entered a scheduling order stating that fact discovery would conclude on December 31, 2020. [Dkt. 101]. On December 24, 2020, before the December 31, 2020 discovery deadline, Plaintiffs noticed Defendants for depositions to be taken on December 30, 2020. [Dkt. 113-6]. Defendants informed Plaintiffs that they were unavailable for deposition on that date due to insufficient notice. [Dkt. 113-6]. Plaintiffs subsequently inquired about mutually agreeable times for deposition, but on January 8, 2021 Defendants informed Plaintiffs that they would not participate in depositions at all. [Dkt. 113-9]. On January 13, 2021, Plaintiffs submitted a letter asking Judge Schneider to compel Defendants to participate in depositions and extend the discovery deadline. [Dkt. 107]. Defendants responded with a letter urging Judge Schneider to reject Plaintiffs' requests because Plaintiffs did not seek to extend the discovery period before fact discovery closed. [Dkt. 109].

Judge Schneider scheduled a hearing on these issues for January 15, 2021, but Defendants were unable to attend. [Dkt. 110]. On January 15, 2021, Judge Schneider issued an order in favor of Plaintiffs which ordered Kwong and Gregorio to participate in depositions by February 15, 2021, extended the fact discovery period to April 30, 2021, and found good cause for modifying the discovery schedule to accommodate these depositions. [Dkt. 111]. Defendants filed the present motion seeking reconsideration of Judge Schneider's January 15, 2021 order. [Dkt. 112]. Plaintiffs responded and cross-moved for sanctions. [Dkt. 113 at 10].

## II. Legal Analysis

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, the moving party must show that "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, *Reich v. Schering-Plough Corp.*, No. CV 07-1508 (KSH), 2008 WL 11383793, at *1 (D.N.J. July 7, 2008) (collecting cases). Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989), *modified*, 919 F.2d 225 (3d Cir. 1990); *accord In re Gabapentin Patent Litigation*, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); *S.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration "is not … an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013), *aff'd sub nom. Red Roof Franchising, LLC v. Patel*, 564 F. App'x 685 (3d Cir. 2014) (collecting cases). A motion for reconsideration will therefore fail if the moving party raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus.*, 935 F. Supp. at 516.

Defendants' motion for reconsideration fails because it repeats identical arguments from Defendants' January 14, 2021 letter to Judge Schneider and improperly presents a new argument which Defendants failed to present in that letter. In their January 14, 2021 letter, Defendants asked Judge Schneider not to extend fact discovery under Local Rule 6.1(a)(2) because Plaintiffs served their extension request after the December 31, 2020 fact discovery deadline.[1] [Dkt. 109 at 4].

---

[1] Local Rule 6.1 provides, in pertinent part

Defendants present the same argument here. [Dkt. 112-1 at 6]. Defendants fail to show more than a "mere disagreement" with Judge Schneider's rejection of their Local Rule 6.1 argument, his good-cause finding, and his resultant Order. *Anders*, 164 F.R.D. at 387.

Defendants insist that Judge Schneider violated Local Rule 6.1 by granting Plaintiff's request to order depositions and extend discovery because Plaintiffs requested the extensions after the discovery period closed. [Dkt. 112-1]. However, Federal Rule of Civil Procedure and Local Rule 16.1 govern modifications to discovery scheduling orders such as Judge Schneider's. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 124 (3d Cir. 2015) (holding that a motion to reopen the discovery period and permit discovery of new evidence "place[d] the motion squarely within the ambit of Rule 16(b)." (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007))). Federal Rule of Civil Procedure 16(b)(4) permits courts to modify an existing discovery schedule for good cause. Judge Schneider's Order indicates that he found good cause to enter the Order [Dkt. 111], and Defendants fail to show otherwise. Thus, Defendants have not shown that Judge Schneider's decision to extend discovery constitutes a "clear error of law" error worthy of reconsideration. *See Reich*, 2008 WL 11383793, at *1.

Defendants' request for a protective order fails for the same reason. Defendants urge the Court to excuse Kwong and Gregorio from depositions because Plaintiffs failed to depose them in a timely manner and to provide reasonable notice of the depositions. [Dkt. 112-1 at 9–11]. Defendants presented these same objections to Judge Schneider in their January 14, 2020 letter, and now ask the Court to override Judge Schneider's judgment in the form of a protective order. The Court declines to do so.

---

(a) Each application for an extension of time shall:
    (1) be made in writing;
    (2) be served prior to the expiration of the period sought to be extended; and
    (3) disclose in the application the date service of process was effected and all similar extensions previously obtained.

Defendants also argue for the first time that Plaintiffs failed to comply with Federal Rule of Civil Procedure 6 because Plaintiffs did not seek an extension before the discovery deadline or establish excusable neglect that would justify an untimely extension.[2] [Dkt. 112-1 at 6–8]. As stated above, Federal Rule 6 does not apply in this case. Even if it did apply, Defendants did not cite Federal Rule 6 in their January 14, 2021 letter, argue that Federal Rule 6 governed Judge Schneider's decision, or argue that Plaintiffs did not satisfy Federal Rule 6's requirements. Defendants cannot now ask the Court to reconsider issues that they failed to raise for the Court in the first instance. *See Red Roof Franchising LLC, Inc.*, 937 F. Supp. 2d at 543–44.

Finally, Plaintiffs cross-move for sanctions, alleging that Defendants filed their motion for reconsideration "improperly and solely for purposes of additional delay." [Dkt. 113 at 10]. Plaintiffs do not specify a legal basis for sanctions. To the extent Plaintiffs seek sanctions under Federal Rule of Civil Procedure 11(c)(2),[3] Plaintiffs did not follow proper procedures because they requested sanctions in a cross-motion rather than a separate motion.[4] In any event, the Court declines to exercise its discretion to award sanctions because it does not find that Defendants filed their motion for reconsideration for improper purposes or otherwise engaged in sanctionable conduct. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988) (emphasizing a court's discretion to award and fashion sanctions under Rule 11). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (discussing a district court's inherent

---

[2] Federal Rule of Civil Procedure 6(b) states in pertinent part

    (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
        (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
        (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

[3] Rule 11(c) authorizes courts to impose sanctions *sua sponte* or by motion for violations of Rule 11(b) including where a party submits a written motion to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

[4] "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

5

authority to award sanctions for "abuses [of] the judicial process"). The court therefore denies Plaintiffs' cross-motion for sanctions.

For these reasons the Court will deny Defendants' motion for reconsideration and request for a protective order. Defendants Kwong and Gregorio must submit to deposition by March 31, 2021. The Court also denies Plaintiffs' cross-motion for sanctions. An appropriate order will follow.


March 3, 2021                                             /s/ Joseph H. Rodriguez

                                                                            Hon. Joseph H. Rodriguez, USDJ