[ECF Nos. 125, 130, 133]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **800 COOPER FINANCE, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHU-LIN LIU et al.,**<br><br>Defendants. | **Civil No. 16-736** |
| **KL HOLDINGS, INC. et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**800 COOPER FINANCE, LLC et al.,**<br><br>Defendants. | **Civil No. 17-456** |

### OPINION AND ORDER

The Court having received a letter request [ECF No. 125] from Counterclaim Plaintiffs/Defendants Shu-Lin Liu and Jolin Chiaolin Tsao ("Counterclaim Plaintiffs") seeking to compel production of documents from Counterclaim Defendants/Plaintiffs 800 Cooper Finance, LLC ("800 Cooper Finance"), Jimmy Kwong and Katharina M. Gregorio (collectively "Counterclaim Defendants"); and the Court having heard oral argument on August 17, 2021, with Peter J. Boyer, Esquire, appearing on behalf of Counterclaim Plaintiffs and Paul Piantino, III, Esquire, appearing on behalf of Counterclaim Defendants; and the Court having received supplemental letter briefs from the parties [ECF Nos. 130, 133]; and for good cause shown; and for the reasons set forth on the record and below;

**IT IS HEREBY ORDERED** this **3rd** day of **September 2021**, that the Counterclaim Plaintiffs' request for production of documents is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Counterclaim Defendants shall produce the documents discussed below within twenty (20) days of this Order; and it is further

**ORDERED** that pretrial factual discovery is extended to September 23, 2021, for the sole purpose of producing the documents discussed below as follows:

1. **Operating Agreement for 800 Cooper Finance.**

**DENIED** as moot. Counterclaim Defendants consent to the production of this document.

2. **Operating Agreement for Kvest Camden, LLC.**

**GRANTED**. In their complaint, Counterclaim Plaintiffs allege conversion, breach of contract and unjust enrichment stemming from allegations that 800 Cooper Finance collected excessive interest and fees from Counterclaim Plaintiffs, improperly dissolved 800 Cooper Finance, and improperly distributed monies to its member. The Counterclaim Plaintiffs particularly allege that 800 Cooper Finance threatened and exerted pressure on Counterclaim Plaintiffs to pay the excessive fees charged. The Operating Agreement for Kvest—admittedly, the sole member of 800 Cooper Finance—is therefore relevant to Counterclaim Plaintiffs' conversion claims. The operating agreement may shed light on the relationship between 800 Cooper Finance, Kvest and other persons/entities knowledgeable about and/or involved in the alleged improper conduct, and who may have improperly received distributions from 800 Cooper Finance.

3. **Tax Returns for Kvest Camden, LLC and 800 Cooper Finance.**

**DENIED** as moot, as to 800 Cooper Finance. 800 Cooper Finance has represented that it has no tax returns.

**DENIED** as to Kvest.  The Court finds no relevance in disclosure of Kvest's complete tax return.  The information relevant to Counterclaim Plaintiffs' claim can be obtained from the K-l's of Kvest or Kvest's members, as instructed in Item 4.

4.  **K-1's received by Kwong, Gregorio and members of Kvest for 2016 and 2017.**

**GRANTED** in part and **DENIED** in part.  In reference to named Defendants Kathryn Gregorio and Jimmy Kwong's K-1 forms, the Court finds that K-1 forms stemming from distributions ultimately made by 800 Cooper Finance to be relevant.  In this respect, Counterclaim Plaintiffs' request is GRANTED.  Counterclaim Plaintiffs have alleged that the assets of 800 Cooper Finance were improperly distributed and as such, any K-1 showing those distributions is relevant.  Moreover, this information is not available from another source as Counterclaim Defendants have already advised that 800 Cooper Finance did not submit tax filings on its own behalf.

The Court will GRANT the request for production of K-1 forms for all members of Kvest, to the extent Kvest received distributions from 800 Cooper Finance, and further distributed those monies to individual members.  The K-1 forms of the individuals ultimately receiving the distributions are relevant to Counterclaim Plaintiffs' claims.  The Court will DENY production of K-1 forms for all members of Kvest not stemming from distribution of monies ultimately from 800 Cooper Finance.

5.  **Documents evidencing names and addresses of members of Kvest Camden, LLC and their respective ownership interests in Kvest Camden, LLC.**

**DENIED** as moot and unnecessarily cumulative.  The Court ordered the production of Kvest's Operating Agreement, which should contain the information sought.

      6.      **Documents evidencing amount actually received by each of the members of Kvest Camden, LLC when that entity was the subject of a Certificate of Cancellation.**

      **GRANTED**. Counterclaim Plaintiffs allege improper dissolution of 800 Cooper Finance and the related improper distribution of assets to its member—Kvest Camden LLC. Counterclaim Plaintiffs allege they are entitled to reimbursement from Kvest. Accordingly, this information is relevant, particularly to Counterclaim Plaintiffs' opposition to Counterclaim Defendants' pending motion for summary judgment.

      7.      **Documents relating to the payment characterized as a "token" payment by PNC Bank to compensate for omitted documents and any documentations relating to that payment.**

      **GRANTED**. For reasons stated on the record, Counterclaim Defendants shall produce the documents requested.

      8.      **Retainer Agreement with Spruce Law Firm for services reflected on the invoices that formed the basis of the collection fees included in the payoff statement.**

      **DENIED**, for reasons stated on the record.

      9.      **Any accounting records or documents evidencing distribution of amounts paid by KL Holdings to the Spruce Law Firm to payoff the loan acquired from PNC Bank, including amounts paid to Kvest Camden, LLC and from Kvest Camden, LLC to the members of Kvest Camden, LLC.**

      **DENIED**. This request is unnecessarily cumulative. Counterclaim Plaintiffs have already been provided with invoices from the Spruce Law Firm.

      s/ Sharon A. King
      SHARON A. KING
      United States Magistrate Judge