# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| 800 COOPER FINANCE, LLC, | : | Civil Action No. 16-736 (JHR/JS) |
| Plaintiff, | : | |
| v. | : | |
| SHU-LIN LIU, et al., | : | |
| Defendants. | : | |
| | : | |
| KL HOLDINGS, INC., SHU-LIN LIU AND JOLIN CHIAOLIN TSAO, | : | Civil Action No. 17-456 (JHR/JS) |
| Plaintiffs, | : | **OPINION** |
| v. | : | |
| 800 COOPER FINANCE, LLC, JIMMY KWONG, KATHARINA M. GREGORIO, and John Does 1-5, | : | |
| Defendants. | : | |

Counterclaim Plaintiffs KL Holdings, Inc., Shu-Lin Liu, and Jolin Chiaolin Tsao ("Counterclaim Plaintiffs") move for sanctions and civil contempt based on the failure of Counterclaim Defendants 800 Cooper Finance, LLC ("800 Cooper Finance"); Jimmy Kwong ("Kwong"); and Katharina M. Gregorio ("Gregorio") (collectively "Counterclaim Defendants") to comply with Judge King's November 10, 2021 discovery order. [Dkt. 149].[1] For the reasons set forth below, the Court will deny this motion.

---

[1] Although Counterclaim Plaintiffs filed this motion in connection with the 17-456 matter, the motion was docketed in the related 16-736 matter. Thus, record citations refer to docket entries in the 16-736 matter.

1

I. **Background**

The parties are familiar with this case's long and complex factual and procedural history, so the Court will only recite the facts bearing directly on the present motion. On September 3, 2021, Judge King ordered Counterclaim Defendants to produce the operating agreement (the "Operating Agreement") of KVest Camden, LLC ("KVest") (the "September 3 Order"). [Dkt. 135]. KVest was the sole member of Defendant 800 Cooper Finance, LLC ("800 Cooper"), which Counterclaim Plaintiffs believe to be implicated in the alleged unlawful conduct committed by Counterclaim Defendants. [Dkt. 135 at 2]. In ordering Counterclaim Defendants to produce the Operating Agreement, Judge King found:

> The Operating Agreement for Kvest—admittedly, the sole member of 800 Cooper Finance—is therefore relevant to Counterclaim Plaintiffs' conversion claims. The operating agreement may shed light on the relationship between 800 Cooper Finance, Kvest and other persons/entities knowledgeable about and/or involved in the alleged improper conduct, and who may have improperly received distributions from 800 Cooper Finance.

[*Id.*]. There is no doubt that Judge King intended this production to include the names and addresses of KVest's members because she denied a separate discovery request for "documents evidencing the names and addresses of members of Kvest Camden" as "moot and unnecessarily cumulative. The Court ordered the production of Kvests's Operating Agreement, which should contain the information sought." [*Id.* at 3].

Counterclaim Defendants produced the ordered documents, but redacted the last names, addresses, and tax identifiers of KVest's members. [Dkt. 152 at 9]. Counterclaim Defendants then filed a motion for reconsideration, asking Judge King to permit them to permanently withhold this redacted information. [Dkt. 138-1 at 6–7]. On November 10, 2021, Judge King granted the motion for reconsideration in part and denied the motion in part (the "November 10

2

Order"). [*See* Dkt. 146]. Judge King permitted Counterclaim Defendants to redact the social security numbers of KVest's members. [*Id.* at 4–5]. But Judge King otherwise denied Counterclaim Defendants' motion for reconsideration after finding that it repeated "the same facts and arguments" that she rejected or accommodated in issuing the September 3 order. [*Id.* at 5]. Judge King ordered that "Counterclaim Defendants shall produce the full names and addresses of Kvest members contained in the limited documents Ordered in the Court's September 3, 2021 Opinion and Order [ECF No. 135] within five (5) days of this Order." [*Id.*].

November 15, 2021 came and went, but Counterclaim Defendants did not produce information as the November 10 Order required. On November 23, 2021, Counterclaim Defendants appealed the November 10 Order. [Dkt. 148]. This appeal was timely because it was filed within fourteen days of the November 10 Order. *See* L. Civ. R. 71(c)(1)(A). However, Counterclaim Defendants did not ask Judge King to stay her November 10 Order when filing this appeal. *See* L. Civ. R. 71(c)(1)(B). The next day, Counterclaim Plaintiffs filed this motion for sanctions under Federal Rule of Civil Procedure 37 for Counterclaim Defendants' failure to comply with the November 10 Order. [Dkt. 149].

Since then, the Court has decided two motions that touch on this sanctions motion. First, on March 1, 2022, the Court considered and denied Counterclaim Defendants' appeal of the November 10 Order. [Dkt. 159]. Counterclaim Defendants argued, among other things, that Judge King clearly erred in ordering Counterclaim Defendants to produce KVest member information because Counterclaim Plaintiffs had not alleged any claims against the members. Counterclaim Defendants further argued that the claims alleged against Counterclaim Defendants cannot result in liability against the KVest members under Delaware LLC law. [Dkt. 138-1 at 7–8]. The Court rejected these arguments, finding that they did "not address Judge King's core

3

finding that Kvest's members may be 'knowledgeable' about the conduct at issue in this case" and, therefore, that the members may have relevant information concerning this conduct. [Dkt. 159 at 2]. The Court rejected Counterclaim Defendants' other arguments on procedural grounds, finding that Counterclaim Defendants repeated the same facts and arguments which Judge King twice denied. [*Id.*]. Thus, while the Court took no position on whether the KVest members could be liable under Delaware LLC law based on the claims pending against Counterclaim Defendants, the Court found no error in Judge King's conclusion that the members may have relevant information about these claims. [*See id.*]. The Court ordered Counterclaim Defendants to produce the outstanding information by March 7, 2022. [Dkt. 159]. Counterclaim Plaintiffs have not alleged that Counterclaim Defendants failed to produce this information.

More recently, the Court granted Counterclaim Defendants' motion for partial summary judgment. [Dkt. 161, 162]. The Court agreed with Counterclaim Defendants that Counterclaim Plaintiffs could not sustain certain claims against Defendants Kwong and Gregorio as a matter of Delaware law. [*See* Dkt. 162]. In reaching this conclusion, the Court agreed with Counterclaim Defendants' view of Delaware LLC law as set forth in their summary judgment briefing. [*Id.*]. Counterclaim Defendants relied on a similar interpretation of Delaware law to justify withholding KVest member information in the discovery dispute discussed above.

**II.   Analysis**

Federal Rule of Civil Procedure 37(b) sets forth available remedies when a party fails to comply with a court's discovery order. Where a party "fails to obey an order to provide or permit discovery," a court may issue orders:

>   (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>   (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

   (iii)  striking pleadings in whole or in part;
   (iv)  staying further proceedings until the order is obeyed;
   (v)  dismissing the action or proceeding in whole or in part;
   (vi)  rendering a default judgment against the disobedient party; or
   (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to [these remedies], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Courts enjoy wide discretion to award or deny sanctions under Rule 37. *See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995).

  Before determining whether to award sanctions, the Court must first determine if and when Counterclaim Defendants did not comply with discovery orders. Although Counterclaim Defendants did not produce the KVest members' full names and addresses after Judge King's September 3 Order, they successfully moved to have Judge King reconsider her opinion and narrow the information to be produced in the November 10 Order. [Dkt 146]. Counterclaim Defendants eventually appealed the November 10 Order, but only did so after the deadline to comply with that order expired. Moreover, the appeal itself did not automatically stay Judge King's November 10 Order, and Counterclaim Defendants never requested such a stay. *See* L. Civ. R. 72.1(c)(1)(B). As a result, Counterclaim Defendants failed to comply with Judge King's November 10 Order.

  The Court must now determine which sanctions, if any, are appropriate under the circumstances. Counterclaim Plaintiffs ask the Court to invoke Rule 37(b)(2)(A)(i) and (ii) and enter an order precluding Counterclaim Defendants from challenging the claims asserted against Kwong and Gregorio. [Dkt. 149-1 at 7]. But, as noted above, the Court granted Counterclaim

5

Defendants' motion for summary judgment as to the claims against Kwong and Gregorio after finding that these claims lacked footing in Delaware law. [*See* Dkt. 161, 162]. The Court will not revive these claims now, and therefore declines to impose the requested sanctions under Rule 37(b)(2)(A)(i) and (ii).

Though Counterclaim Plaintiffs do not request monetary sanctions under Rule 37(b)(2)(C), this provision requires courts to award expenses unless a failure to comply with a discovery order "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court finds that monetary sanctions would be unjust under the circumstances of this case. Counterclaim Defendants filed a timely appeal of the November 10 Order, which local rules permitted them to do. *See* L. Civ. R. 72(c)(1)(A). As noted above, Counterclaim Defendants' appeal relied on an interpretation of Delaware law which the Court later accepted in their summary judgment motion. While this Delaware law theory did not expose a clear error in Judge King's prior rulings or render the KVest member information irrelevant, it supports Counterclaim Defendants' argument that they appealed the November 10 Order in good faith. [Dkt. 152 at 12–14]. Thus, Counterclaim Defendants' misstep was not their opposition to the November 10 Order, but their failure to seek and obtain a stay of the November 10 Order while they prepared and filed their appeal. No doubt, Local Rule 71(c)(1)(B) states that appealing a magistrate's order does not in and of itself stay the order or otherwise excuse the party from complying with that order. But the Court finds that Counterclaim Defendants' failure to consider Local Rule 71(c)(1)(B) is not so egregious to warrant sanctions under Rule 37—monetary or otherwise—even if this failure also resulted in a failure to comply with the November 10 Order. The Court therefore declines to impose sanctions under Rule 37.

### III. Conclusion

For the reasons set forth above, the Court will deny Counterclaim Plaintiffs' motion for sanctions. An appropriate order will follow.

March 30, 2022                                                                  /s/ Hon. Joseph H. Rodriguez

                                                                                                          Hon. Joseph H. Rodriguez, USDJ